UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RUI XIAO,

Petitioner,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,

Respondents.

Case No.: 26cv474-LL-BJW

**ORDER GRANTING MOTION FOR RECONSIDERATION**

[ECF No. 9]

Before the Court is Petitioner Rui Xiao's Motion for Reconsideration. ECF No. 9. Respondents did not file an opposition, but Petitioner still filed a reply [ECF No. 11]. For the reasons set forth below, the Court **GRANTS** Petitioner's Motion.

**III. DISCUSSION**

On February 10, 2026, this Court granted in part Petitioner's petition for writ of habeas corpus and ordered a bond hearing. ECF No. 7. Specifically, the Court found that Petitioner's seven-month detention was no longer presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 4. However, due to Petitioner's prior criminal conviction, the Court ordered a bond hearing, instead of an immediate release. *Id.* at 7–8. On February 19, 2026, Petitioner received a bond hearing, where the immigration

judge ("IJ") set a bond for $2,000 and ordered additional conditions of release. ECF No. 11 at 2. Petitioner was subsequently released on February 20, 2026. *Id*. On February 11, 2026, Petitioner filed the instant Motion, asking this Court to reconsider its February 10, 2026 Order and to vacate the IJ's February 19, 2026 order. ECF No. 9.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004) (citation omitted).

Here, Petitioner argues that an immediate release, rather than a bond hearing before an immigration judge, is the required remedy under *Zadvydas* regardless of a noncitizen's criminal history. *See* ECF No. 9 at 5–8. After careful review, the Court agrees. *See e.g.*, *Zadvydas*, 533 U.S. at 684 ("Zadvydas has a long criminal record, involving drug crimes, attempted robbery, attempted burglary, and theft."); *Tuan Thai v. Ashcroft*, 366 F.3d 790, 792, 797–98 (9th Cir. 2004) (affirming district court's release of "a violent criminal [with] convictions for assault, harassment, and third-degree rape" pursuant to *Zadvydas*). Under *Zadvydas*, Petitioner was entitled to an immediate release regardless of his criminal conviction.

Accordingly, the Court **GRANTS** Petitioner's Motion for Reconsideration and **VACATES** the Immigration Judge's February 19, 2026 custody redetermination order. Respondents may impose appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).

**IT IS SO ORDERED**.

Dated: September 1, 2026

Honorable Linda Lopez
United States District Judge